ADAMS, Appellant,

v.

COLONIAL INSURANCE COMPANY OF CALIFORNIA, Appellee.

[Cite as *Adams v. Colonial Ins. Co. of California* (1997), 121 Ohio App.3d 122.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71867.

Decided June 30, 1997.

*Otha M. Jackson,* for appellant.

*Weston, Hurd, Fallon, Paisley & Howley, John G. Farnan* and *John A. Albers,* for appellee.

---

*Per Curiam.*

Appellant, James W. Adams, appeals the judgment of the Cuyahoga County Court of Common Pleas granting summary judgment in favor of appellee, Colonial Insurance Company of California. For the following reasons, we reverse and remand.

Adams was involved in an accident with an uninsured motorist on February 25, 1996. Colonial denied coverage because Adams had not paid the premium and his policy was cancelled as of February 10, 1996. Adams sued for a declaratory judgment that he did pay the premium and was entitled to coverage. Colonial counterclaimed that it was entitled to a declaratory judgment.

Adams purchased an automobile insurance policy from Colonial, effective October 27, 1995 to December 27, 1995. The policy provided that the policy could be renewed, but the renewal premium must be paid in advance. The policy stated that the insurance coverage was effective upon payment of premiums.

On January 5, 1996, Colonial mailed a premium notice to Adams, stating that his insurance coverage would expire on January 27, 1996, unless the premium was paid by that date. The notice stated, "Payment must be received in the Company

office or be postmarked prior to the due date shown." According to an affidavit by a Colonial underwriting supervisor, Colonial did not receive any premium by January 27.

On January 29, Colonial mailed Adams a cancellation notice. The cancellation notice stated that the insurance coverage would expire on February 10, 1996, unless the premium was postmarked on or before February 10, 1996. The cancellation notice also stated, "IF YOU HAVE ALREADY SENT PAYMENT, PLEASE DISREGARD THIS NOTICE." According to Colonial's affidavit, the cancellation notice also contained the language, "Premiums must be received in the Company office or be postmarked prior to the due date shown." Colonial did not receive any payment by February 10, so Colonial cancelled the policy as of that date.

James Adams's affidavit states that he mailed a money order to Colonial sometime in January. After he mailed the money order, he received a "receipt" from Colonial. The document that Adams calls a receipt is the document containing cards that can be used to show proof of financial responsibility. The cards say that coverage expires February 27, 1996. The back of this document states:

"THIS INSURANCE IDENTIFICATION CARD IS NOT PART OF YOUR POLICY AND IT IS VALID ONLY WHILE YOUR POLICY IS IN FORCE AND YOUR PREMIUMS ARE PAID."

The document advises contacting Colonial at the listed address and phone number to verify insurance coverage.

Appellant's sole assignment of error states:

"The trial court committed 'plain error' in granting summary judgment to the defendant where there was a material issue of fact."

Appellant asserts that appellee sent him a receipt, creating an issue of fact as to whether he paid the premium. The proof of insurance cards were not a receipt for payment. The back of that document states that the cards are only in effect when premiums have been paid. Nothing on this document states that it constitutes a receipt.

Appellant asserts that he mailed the insurance premium before the due date, so there was an issue of fact as to whether appellant paid the premium. The general rule is that insurance premiums are deemed paid when mailed, and not when received by the insurance company. *Casto v. State Farm Mut. Auto. Ins. Co.* (1991), 72 Ohio App.3d 410, 594 N.E.2d 1004. However, the insurance policy or renewal notice may specify that payment is effective only upon actual receipt of payment by the insurance company. *Id.* The holding in *Casto* is based

on the "mailbox rule," *i.e.,* acceptance is valid when mailed, unless the offer specifies otherwise. *Id.*

In this case, the renewal notice and the cancellation notice both stated that the payment was effective when received at Colonial's office or when postmarked. However, the cancellation notice also said that if payment had already been sent, the cancellation notice may be disregarded. Interpreting this conflicting language against the drafter (Colonial), the cancellation notice states that payment is effective when mailed.

There is an issue of fact over whether appellant mailed the premium. Appellant's affidavit states that he mailed payment, but appellee stated that it never received the premium. This cause must be remanded to the trial court for determination of this issue of fact. See Civ.R. 56(C); *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 663 N.E.2d 639.

Accordingly, this assignment of error is sustained.

The judgment of the trial court is reversed and the cause is remanded.

*Judgment accordingly.*

DYKE, P.J., O'DONNELL and PATTON, JJ., concur.